1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   INDEMNITY INSURANCE COMPANY
10  OF NORTH AMERICA,

Case No.

11                              Plaintiff,

COMPLAINT FOR CARGO DAMAGE

12                    v.

13  EXPEDITORS INTERNATIONAL OF
    WASHINGTON, INC., and DOES 1-5,

14                              Defendants.

15

16      COMES NOW plaintiff INDEMNITY INSURANCE COMPANY OF NORTH

17  AMERICA (hereinafter "Plaintiff" or "IINA"), and with this Complaint alleges against the above-

18  named defendants upon information and belief as follows:

19

20                          **JURISDICTION**

21      1.      This case falls within the federal question jurisdiction of this court, within the

22  provisions of 28 U.S.C. § 1331, arising from international commerce under the U.S.A.

23  Multilateral Convention for International Carriage by Air ("**Montreal Convention**"), 1999 WL

24  33292734, and under Federal common law, as hereinafter more fully appears.   On information

25  and belief, this Court also has diversity jurisdiction, as plaintiff and all of presumed defendants

COMPLAINT FOR CARGO DAMAGE - 1

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because this is a district where one or more of the defendants resides, and per contractual agreement.

## PERTINENT FACTS

3.      Plaintiff at all relevant times was and is a corporation organized and existing under the laws of one of the States of the United States of America and was engaged at all relevant times in the business of providing insurance coverage for loss or damage to cargo during shipment.  It brings this action on its own behalf and as agent and/or trustee and/or assignee on behalf of and for the interest of all parties who may be or become interested in the shipment that is the subject of this action, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

4.      On information and belief, at and during all the times hereinafter mentioned, Expeditors International of Washington, Inc., was and now is a corporation or other business entity organized under the laws of the state of Delaware with a principal office and place of business at 1015 Third Avenue, 12th Floor, Seattle, Washington 98104, and was and now is engaged in business as a common carrier of merchandise by air or land for hire, and/or as freight forwarder, broker, transportation intermediary, and/or agent for other entities involved in the shipment of product that is the subject of this Complaint.

5.      On information and belief, at all relevant times, DOES 1-5 were and are as-yet unidentified Expeditors entities other than Expeditors International of Washington, Inc., that may

COMPLAINT FOR CARGO DAMAGE - 2

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

be responsible in whole or in part for the damages alleged in this Complaint.  Said entities, if any, will be identified further as revealed during discovery, and are believed to be, or were at all relevant times, corporations or other business entities organized and operating under the laws of one of these United States, and were and now are engaged in business as a common carrier of merchandise by air or land for hire, and/or as freight forwarder, broker, transportation intermediary, and/or agent of some or all of the above, with an office, agent, or doing business within the jurisdiction of this court.  All of the Expeditors entities involved in the shipment of product that is the subject of this Complaint, including DOES 1-5, shall be referred to hereinafter in this Complaint as "Expeditors."

6.      At all relevant times Expeditors transacted and continues to transact business within this District, regularly soliciting business for the transport and ultimate delivery of shipments to worldwide destinations.

7.      For all relevant times plaintiff provided cargo insurance coverage to GE Medical Systems and/or GE Medical Systems SCS (CH Hospitalor)(hereinafter "GE Medical Systems"), which was the owner, shipper, or consignee of a cargo of medical equipment shipped from Waukesha, Wisconsin, to Paris, France, by land and air, on or about May 29, 2013, with intermediate stop in Luxembourg.  A portion of said cargo was damaged during the shipment prior to its reaching its ultimate destination in France, suffering loss and/or damage totaling $175,692.73.  By virtue of payments made by plaintiff to GE Medical Systems in the amount of $125,692.73, and assignment to plaintiff of its insured's rights with respect to all damages sustained, including expense of $2,126.73 and additional damages of $50,000 (the amount of GE Medical Systems's deductible under its insurance policy), plaintiff has become subrogated to the

COMPLAINT FOR CARGO DAMAGE - 3

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

rights held by GE Medical Systems in that regard and, as such, is a proper party to bring this action and to seek, and does hereby seek, recovery of $175,692.73.

8.      Plaintiff and its insured have duly performed all required duties and obligations on their part. The subject cargo was delivered to Expeditors in good order and condition, and Expeditors received, accepted, and agreed to transport said cargo for certain consideration to France, and carried, handled, and/or was the bailee of, or consolidated, forwarded, and/or controlled GE Medical Systems's cargo at all relevant times, and said cargo was damaged during the time of Expeditors's carriage, handling, control, or responsibility for such cargo.

9.      Expeditors booked the subject shipment with other companies and/or carriers that were not disclosed to plaintiff or its insured, possibly subject to terms and conditions not disclosed to plaintiff or its insured, and Expeditors agreed to transport and deliver the subject cargo to its designated ultimate destination in the same good order and condition as received.

10.     Expeditors issued to GE Medical Systems or its agent or affiliate its house Air Waybill bearing number 4041519451 for carriage of the subject goods from Chicago to Charles De Gaulle Airport in Paris, France. On information and belief, sometime during the transport of said cargo or during the period when it was under the control or responsibility of Expeditors, said cargo was dropped, suffering significant damage as hereinabove alleged. To the extent the damage occurred during the period of Expeditors's responsibility for care of the cargo, it is liable for all damages under the terms of the air waybill and under the provisions of the Montreal Convention.

11.     At no time has Expeditors paid IINA or its insured/subrogor, GE Medical Systems,

COMPLAINT FOR CARGO DAMAGE - 4

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

with respect to the aforesaid damages, despite demands made therefor.  Expeditors has, in fact, refused and continues to refuse to pay said damages.

## FIRST CLAIM FOR RELIEF

12.     IINA hereby incorporates herein the allegations of Paragraphs 1 through 11 above as if fully restated herein.

13.     Under applicable law including the Montreal Convention and under the terms of the contract reflected by the aforesaid Expeditors House Air Waybill, Expeditors owed GE Medical Systems a duty to exercise reasonable care for the cargo entrusted to Expeditors for shipment and/or had a non-delegable duty to deliver such cargo safely, without damage, to its designated destination.  Expeditors breached those duties by allowing significant damage to occur to the subject cargo during the period of time for which Expeditors was contractually responsible for its safe delivery to destination and under the terms of the Montreal Convention.  As a result of said breach and/or other fault by Expeditors, proximately causing the aforesaid damages, IINA, as subrogee and assignee of the rights of its insured, GE Medical Systems, is entitled to recover damages in the amount of $175,692.73, plus interest and fees and costs as determined by the Court.

## SECOND CLAIM FOR RELIEF

14.     IINA hereby incorporates herein the allegations of Paragraphs 1 through 11 and 13 above as if fully restated herein.

15.     In addition to contractual and statutory or treaty obligations, Expeditors had a common law duty to exercise reasonable care for the goods entrusted to it by GE Medical Systems.  On information and belief, Expeditors negligently breached its duties as common

COMPLAINT FOR CARGO DAMAGE - 5

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

carrier, handler, bailee, warehouseman, agent, or in other capacities with respect to the subject cargo by allowing the cargo to be dropped a sufficient distance to proximately cause irreparable damage and harm, all in the amount of $175,692.73 previously stated, and is therefore liable to plaintiff herein for such damage and any additional provable related damages.

## PRAYER

WHEREFORE, plaintiff prays:

1.    That judgment be entered in favor of plaintiff against Expeditors for the amount of all damages to which plaintiff, as legal and/or equitable subrogee and assignee of the rights of GE Medical Systems, is entitled, together with interest and costs incurred;

2.    For costs of suit and any recoverable attorneys fees to which plaintiff may be entitled; and

3.    For such other further and different relief as this Court may deem just and proper in the premises.

Dated at Seattle, Washington, this 29th day of May, 2015.

LAW OFFICE OF JAMES F. WHITEHEAD

James F. Whitehead, WSBA#6319
Attorneys for Plaintiff

COMPLAINT FOR CARGO DAMAGE - 6

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252

**VERIFICATION**

I, James F. Whitehead, am counsel for plaintiff with respect to the above-described claims. The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief based upon my own knowledge of the casualty described above and the records made available to me by plaintiff's New York counsel and other persons involved in investigation of the claims and knowledgeable about them.  On information and belief, authorized officers of plaintiff are not available in this district to make verifications, but I am so authorized.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2015.


James F. Whitehead

COMPLAINT FOR CARGO DAMAGE - 7

**Law Office of James F. Whitehead**
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100
Fax (206) 448-2252